IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> COGNIPOWER LLC., <br><br> *Defendant*. | : <br> : <br> : <br> : <br> : <br> : Civ. No. 20-15-CFC <br> : <br> : <br> : <br> : |

Douglas E. McCann and Warren K. Mabey, Jr., Fish & Richardson P.C., Wilmington, Del.; Frank E. Scherkenbach, Fish & Richardson P.C., Boston, Mass.; Howard G. Pollack and Michael R. Headley, Fish & Richardson P.C., Redwood City, Cal. *Attorneys for Plaintiff.*

Michael F. Bonkowski and Bradley P. Lehman, Cole Schotz P.C., Wilmington, Del. *Attorneys for Defendant.*

**MEMORANDUM OPINION**

July 1, 2020
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

Defendant CogniPower LLC, has moved to dismiss counts 3, 4, and 5 of the Complaint filed by Plaintiff Power Integrations, Inc. D.I. 12. In each of these counts, Power Integrations seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that two of its integrated circuit products, InnoSwitch™ and LytSwitch-6™, and the use of those products in a power supply, do not infringe directly or indirectly one of three patents owned by CogniPower: U.S. Reissue Patents Nos. RE47,031 (the #031 patent) (Count 3); RE47,713 (the #713 patent) (Count 4); and RE47,714 (the #714 patent) (Count 5). D.I. 1 ¶¶ 59, 68, 75. The three patents cover "Demand Pulse Regulation" (DPR) technology used in power supplies. D.I. 1-8.

CogniPower argues in support of it motion that Power Integrations has failed to establish the existence of a case or controversy between the parties with respect to the three asserted patents and that therefore the Court lacks subject matter jurisdiction over counts 3, 4, and 5 and should dismiss them pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, CogniPower argues that the Complaint does not identify with the requisite specificity the products for which Power Integrations seeks a declaration of non-infringement and that therefore counts 3, 4, and 5 fail to state cognizable claims and should be dismissed pursuant to Rule 12(b)(6).

2

I agree with CogniPower that Power Integrations has failed to establish declaratory judgment jurisdiction for counts 3, 4, and 5 and I will dismiss those counts pursuant to Rule 12(b)(1). I therefore need not and do not address whether the counts should be dismissed under Rule 12(b)(6).

## I. BACKGROUND

Power Integrations is a semiconductor company that makes integrated circuits (i.e., computer chips) for power supply devices used to charge cell phones and other electronic products. D.I. 1 ¶¶ 6, 13. Non-parties Fantasia Trading LLC d/b/a AnkerDirect and Anker Innovations Limited (collectively, Anker), FSP Technology Inc., and Huntkey USA are customers of Power Integrations.

On October 24, 2019, CogniPower sent FSP a letter stating that five exemplary FSP products infringe at least 18 claims of the #031 patent. D.I. 1-7. The letter specifically identified the five FSP products and the eighteen claims in question, and asked FSP to make contact "as soon as possible . . . [to] discuss FSP's need to obtain a license to CogniPower's DRP technology." *Id.*

On December 4, 2019, CogniPower sent Huntkey a letter stating that it had "reason to believe that [Huntkey was] . . . either currently using or considering use" of CogniPower's "patented DPR technology" in its products. D.I. 1-8. The letter identified the #031, #713, and #714 patents, stated that CogniPower was willing to offer Huntkey the opportunity to obtain a license for those patents on

3

favorable terms, and "propose[d] having a near-term dialogue" to reach an agreement on a path forward. *Id.* Unlike the FSP letter, the Huntkey letter did not identify any specific or general category of Huntkey products or any specific claims in the asserted patents.

On December 18, 2019, in a complaint filed in this court, CogniPower accused Anker of infringing the #031 and #713 patents. D.I. 1-4 ¶¶ 35-79. The complaint identifies the "accused products" as certain Anker power chargers "and any other similar products...that incorporate circuitry providing demand pulse regulation such as a Power Integrations InnoSwitch or LytSwitch-6 chip." *Id.* at ¶ 34. The complaint repeatedly cites and depicts Power Integration datasheets and technical diagrams for InnoSwitch™ products in support of CogniPower's infringement allegations. *See, e.g.,* D.I. 1-4 ¶¶ 39–41, 43–49.

In January 2020, Power Integrations filed this lawsuit. D.I. 1.

## II.  LEGAL STANDARDS

The party asserting subject matter jurisdiction has the burden of proving its existence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Id.* (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Id.* When reviewing a

factual attack, the court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Finally, in a factual challenge, "no presumptive truthfulness attaches to plaintiffs' allegations." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

For a federal court to have subject matter jurisdiction over a declaratory judgment action, an actual case or controversy must exist. U.S. Const. art. III, § 2, cl. 1; 22 U.S.C. § 2201. "[T]here is no bright-line rule for determining whether [a declaratory judgment] action satisfies the case or controversy requirement." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012).[1] Instead, the party seeking a declaratory judgment must show that, "under all the circumstances, ... there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Even if the jurisdictional prerequisites for subject-matter jurisdiction are satisfied, the court retains discretion over whether to exercise jurisdiction based on the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*,

---

[1] Federal Circuit law governs the question of whether a district court has jurisdiction under the Declaratory Judgment Act when, as here, the underlying merits of the action involve patent infringement. *UCP Int'l Co. v. Balsam Brands Inc.*, 787 F. App'x. 691, 698 (Fed. Cir. 2019).

515 U.S. 277, 286-87 (1995); *Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016).

### III. DISCUSSION

CogniPower argues that the Court lacks jurisdiction over Power Integrations's declaratory judgment claims because there is no case or controversy between the parties over the three asserted patents. Power Integrations counters that CogniPower's allegations of infringement against Anker, FPS, and Huntkey implicitly accused Power Integrations of indirect (i.e., contributory and induced) infringement and therefore created a "case or controversy" sufficient to confer jurisdiction over the declaratory judgment counts. D.I. 14 at 10–12.[2]

"When the holder of a patent with system claims accuses a customer [of the patent holder] of direct infringement based on the customer's making, using, or selling of an allegedly infringing system in which a supplier's product functions as a material component, there may be an implicit assertion that the supplier has indirectly infringed the patent." *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011). In determining whether a defendant made an

---

[2] Counts 3, 4, and 5 each seek a declaratory judgment that the InnoSwitch™ and LytSwitch-6™, and the use of those products in a power supply, do not infringe directly or indirectly the three patents in question. D.I. 1 ¶¶ 59, 68, 75. Power Integrations has not contested CogniPower's assertion that no case or controversy exists between the parties with respect to direct infringement. Accordingly, I will dismiss the claims of direct infringement without further discussion.

implied assertion of indirect infringement, the court analyzes each element required for indirect infringement under 35 U.S.C. § 271. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) ("[I]n determining whether there is a case or controversy of sufficient immediacy to establish declaratory judgment jurisdiction we look to the elements of the potential cause of action."); *see also id.* at 903 (stating that "[n]otably, *Arris* analyzed each element required for contributory infringement under § 271(c) before determining that there was an implied assertion of contributory infringement that supported jurisdiction" (citations omitted)). Although "it is not the case that definitive proof must exist that would establish each element" of indirect infringement, "there must be allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be brought." *Id.* at 905.

"To hold a component supplier liable for contributory infringement, a patent holder must show, inter alia, that (a) the supplier's product was used to commit acts of direct infringement; (b) the product's use constituted 'a material part of the invention'; (c) the supplier knew its product was 'especially made or especially adapted for use in an infringement' of the patent; and (d) the product is 'not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Arris*, 639 F.3d at 1376 (quoting 35 U.S.C. § 271(c)). In this case, there is nothing in the complaint CogniPower filed against Anker or in the letters it served

7

on FPS and Huntkey that alleges, implies, or suggests that the InnoSwitch™ and LytSwitch-6™ products are "not a staple article or commodity of commerce suitable for substantial noninfringing use." Power Integrations argues that CogniPower's "focus" on Power Integrations's "documentation" (i.e., its datasheets and technical diagrams for InnoSwitch™ products in the Anker complaint) "strongly suggests CogniPower believes" Power Integrations "knew that its component . . . 'is not a staple article or commodity of commerce suitable for substantial noninfringing use." D.I. 14 at 11. But it does not point to anything in that "documentation" that supports this assertion. I see nothing in the datasheets or technical diagrams in the Anker complaint or elsewhere in the record that establishes a reasonable potential that CogniPower could or would have alleged that the InnoSwitch™ and LytSwitch-6™ products are "not a staple article or commodity of commerce suitable for substantial noninfringing use." Accordingly, Power Integrations has failed to establish declaratory judgment jurisdiction to the extent counts 3, 4, and 5 seek a declaration of contributory noninfringement. *See DataTern*, 755 F.3d at 905–07 (holding that district court did not possess jurisdiction for declaratory judgment of contributory noninfringement where defendant did not imply or suggest to plaintiff's customers that plaintiff's product was not "a staple article or commodity of commerce suitable for substantial non-infringing use") (citation omitted).

"To prove inducement of infringement, unlike direct infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *DataTern*, 755 F.3d at 904 (citing *Global-Tech Appliance, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). As the Court explained in *DataTern*, "[a]bsent th[at] knowledge and [an] affirmative act of encouragement, no party could be charged with inducement." *DataTern*, 755 F.3d at 904. In this case, CogniPower did not assert expressly or implicitly in the Anker complaint or the letters it served on FPS or Huntkey that Power Integrations had knowledge of the three asserted patents or that Power Integrations had encouraged or otherwise induced Anker, FPS, or Huntkey to infringe those patents.

Power Integrations argues in its brief that CogniPower "alleged [that Power Integrations] instructed Anker how to use its chips." D.I. 14 at 12. And it argues that "CogniPower has strongly suggested that [Power Integrations] 'knew that the acts, if taken, would constitute infringement of the patent,' since CogniPower has alleged that following [Power Integration's] instructions results in infringement." *Id.* But Power Integrations provides no record citations to support these contentions. Power Integrations also argues that it "*does not have to admit intent or infringement* to establish an actual controversy." *Id.* (emphasis in original). And, of course, it doesn't. But what it does need to do—and what it has failed to

9

do—is point to "allegations by the patentee or other record evidence that establish at least a reasonable potential that [an induced infringement] claim could be brought." *DataTern*, 755 F.3d at 905. Because of that failure, this Court does not possess declaratory judgment jurisdiction for Power Integrations's claims for induced noninfringement.

## IV.   CONCLUSION

For the foregoing reasons, I will grant CogniPower's motion to dismiss counts 3, 4, and 5 of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). I need not and do not address CogniPower's argument that the counts should be dismissed for failure to state a claim under Rule 12(b)(6).

The Court will issue an Order consistent with this Memorandum Opinion.