# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,
a Delaware corporation

   Plaintiff,

  v.

COGNIPOWER LLC,

   Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.:  20-cv-00015-CFC

JURY TRIAL REQUESTED

## DEFENDANT COGNIPOWER, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 52(d)(2) AND 35 U.S.C. § 285

**OF COUNSEL:**

Gary R. Sorden (*pro hac vice*)
Timothy J.H. Craddock (*pro hac vice*)
Niky R. Bagley (*pro hac vice*)
James R. Perkins (*pro hac vice*)
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587
gsorden@coleschotz.com
tcraddock@coleschotz.com
nbagely@coleschotz.com
jperkins@coleschotz.com

Dated:  <u>February 23, 2022</u>

**COLE SCHOTZ P.C.**
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Telephone)
(302) 652-3117 (Facsimile)
acole@coleschotz.com

*Attorneys for Defendant,*
*CogniPower LLC*

# TABLE OF CONTENTS

**Page(s)**

I.    BACKGROUND ................................................................................1

II.   LAW .............................................................................................7

    A.   Motion for Attorney's Fees (Fed. R. Civ. P. 54(d)) ...........................7

    B.   Basis for Fees (35 U.S.C. § 285) .........................................8

III.  ARGUMENT.................................................................................11

    A.   The instant motion meets the requirements of Fed. R.
       Civ. P. 54(d)(2)(B). ..................................................11

    B.   The instant case is an exceptional case such that PI should be
       liable to CogniPower for attorney's fees under 35 U.S.C. § 285........12

         i.    CogniPower is the prevailing party. .........................................12

         ii.   PI's willful ignorance of the fact that one of the Accused
            DPR Power Converters predated the filings of the Patents-
            in-Suit renders this case exceptional.........................................12

         iii.  PI's improper motivation for bringing this suit, and its
            apparent lack of interest in testing the merits of its claims,
            renders this case exceptional....................................................14

    C.   Bifurcated briefing on the amount and reasonableness of
       CogniPower's requested attorney's fees will promote efficiency.
       ........................................................................15

IV.   CONCLUSION..............................................................................16

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Checkpoint Sys., Inc. v. All–Tag Security S.A.*,
  858 F.3d 1371 (Fed. Cir. 2017) ........................................................10

*CogniPower, LLC v. Fantasia Trading LLC, et al.*,
  Case No. 1:19-cv-02293-CFC, D.I. 1 (D. Del., Dec. 18, 2019) ........................13

*Finnavations, LLC v. Payoneer, Inc.*,
  C.A. No. 18-444-RGA, 2019 U.S. Dist. LEXIS 45306
  (D. Del. Mar. 18, 2019) ........................................................8

*Inland Steel Co. v. LTV Steel Co.*,
  364 F.3d 1318 (Fed. Cir. 2004) ........................................................9, 12

*Keith Mfg. Co. v. Butterfield*,
  955 F.3d 936 (Fed. Cir. 2020) ........................................................8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014)........................................................9

*Peters v. Active Mfg. Co.*,
  129 U.S. 530 (1889)........................................................13

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot.
  Servs., Inc.*, 858 F.3d 1383 (Fed. Cir. 2017) ........................................................10

*Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.*,
  494 F. Supp. 3d 263 (D. Del. 2020)........................................................8

*Route1 Inc. v. AirWatch LLC*,
  No. 17-CV-331 (KAJ), 2020 WL 1955436 (D. Del. Apr. 23, 2020) ................10

**Statutes**

35 U.S.C. § 285........................................................*passim*

ii

**Other Authorities**

Fed. R. Civ. P. 54(d)(2)(B) ...................................................................8, 11

Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii) ...............................................................11

Fed. R. Civ. P. 54(d)(2)(B)(iii) ...................................................................12

Fed. R. Civ. P. 54(d)(2)(B)(iv) ....................................................................12

Fed. R. Civ. P. 54(d)(2)(C) ......................................................................1, 12

59788/0001-42587136

Pursuant to Fed. R. Civ. P. 54(d)(2), Defendant CogniPower, LLC ("CogniPower") files this Motion seeking an award of attorney's fees. Specifically, CogniPower requests the Court find Plaintiff Power Integrations, Inc.'s ("PI") litigation conduct in this case exceptional and hold PI liable to CogniPower for its attorney's fees as explained below. Further, CogniPower respectfully requests that the Court bifurcate briefing on the amount and reasonableness of attorney's fees and permit additional briefing regarding these matters once PI's liability to CogniPower for fees is established. *See* Fed. R. Civ. P. 54(d)(2)(C).

## I.    BACKGROUND

PI filed its complaint in the instant case against CogniPower on January 6, 2020. D.I. 1 (the "Complaint"). In its Complaint, PI asserted U.S. Patent No. 9,374,011 (the "`011 Patent") and U.S. Patent No. 9,166,486 (the "`486 Patent") (collectively, the "Patents-in-Suit"). The `011 Patent was filed Jan. 22, 2013. *See* Complaint, Ex. A. The `486 Patent was filed March 8, 2013. *See* Complaint Ex. B. Neither patent claims priority to an earlier application. *See* Complaint, Exs A and B. PI asserted that CogniPower infringed the Patents-in-Suit by "mak[ing], us[ing], and offer[ing] for a sale a product it refers to as its 'Demand Pulse Regulation' ('DPR') power supply." Complaint, ¶ 9. PI relied solely on CogniPower's APEC presentation entitled "Simplifying Efficient Low Power

AC/DC Converters" as the basis for its Complaint. *See generally* Complaint; *see also* Complaint, Ex. C (CogniPower's "APEC Presentation").

On February 27, 2020, CogniPower filed a motion to dismiss those parts of PI's Complaint related to three declaratory judgment actions for failure to state a claim and lack of subject matter jurisdiction. D.I. 12. On July 1, 2020, the Court granted CogniPower's motion with respect to counts 3, 4, and 5 of the Complaint and dismissed these counts with prejudice. D.I. 18.

Thereafter, on July 15, 2020, CogniPower answered PI's remaining claims. D.I. 19 (CogniPower's "Answer"). In its Answer, CogniPower provided specific examples demonstrating that it did not infringe the Patents-in-Suit, and further explained that the Accused DPR Power Converters actually predated the filings of the Patents-in-Suit.

For example, with respect to non-infringement, CogniPower explained the following:

> 105. By way of example, but without limitation, the Accused DPR Power Converters do not include the requisite "second switch . . . coupled to the secondary side of the synchronous flyback converter" as specifically recited in Claim 1 of the `011 Patent. Additional bases for non-infringement may exist. CogniPower does

Answer, ¶ 105

2

110.   By way of example, but without limitation, the Accused DPR Power Converters do not implement a turn-off condition "wherein the turn-off condition is a threshold current limit and the primary controller is coupled to adjust the threshold current limit in response to an amount of time the power switch is in the ON state," as specifically recited in Claim 1 of the `486 Patent.   Additional bases for non-

Answer, ¶ 110

Further, CogniPower explained that, in any event, one of the Accused DPR Power Converters predated the Patents-in-Suit and therefore would invalidate the Patents-in-Suit if found to meet the limitations of the asserted claims:

80.   By 2012, CogniPower had internally prototyped an updated DPR Power Converter.   This updated prototype is depicted in Paragraph 10 of Power Integrations' Complaint. This prototype is a realization of the embodiment shown in Fig. 3 of the `152 Patent (and the `975 Publication) discussed below. CogniPower prototyped additional DPR Power Converters, including the 2014 prototype depicted in Paragraph 11 of Power Integrations' Complaint.   This prototype is a realization of the embodiment shown in Fig. 4 of the `152 Patent (and the `975 Publication) discussed below.

CogniPower's Answer, ¶ 80

59788/0001-42587136

The 2012 prototype, depicted in PI's complaint and discussed in CogniPower's answer, is shown below:



Complaint, ¶ 10 (depicting APEC Presentation, Slide 10) (orange boxes added for emphasis)

As illustrated above, the slide reproduced by PI in its complaint indicates the photographed power supply is an "Early DPR Prototype" and was "Patent Pending." APEC Presentation, Slide 10. CogniPower also attached a copy of U.S. Patent No. 9,071,152 (the "`152 Patent" or "Morong") as an exhibit to its answer and explained that this patent was filed on July 3, 2012. Answer, ¶ 78 and Ex. A. Further, as explained above, CogniPower explained to PI that the 2014 prototype was simply an updated prototype that realized the embodiment shown in Fig. 4 of the `152 Patent, which again was filed before both of the Patents-in-Suit.

4

Additionally, CogniPower explained that it had not actually sold or even offered to sell the Accused DPR Power Converters. Answer, ¶¶ 9, 104. As explained in its Answer:

> CogniPower denies that it has ever offered to sell a DPR Power Converter; rather, CogniPower offers licenses for the intellectual property necessary to make DPR Power Converters. CogniPower admits that CogniPower's presentation, entitled "Simplifying Efficient Low Power AC/DC Converters," is attached to the Complaint as Exhibit C (the "APEC Presentation"). CogniPower admits that it presented this presentation at APEC in Anaheim, California on or around March 19, 2019.

Answer, ¶ 9

CogniPower reiterated all of the above throughout its Answer. *See, e.g.*, Answer, ¶¶9-11, 80, 78, 104.

Subsequently, on October 26, 2020, PI served CogniPower with its disclosure of asserted claims and infringement contentions. Ex. 1 (PI's "Infringement Contentions"). Like its Complaint, PI's Infringement Contentions relied solely on CogniPower's APEC Presentation. Further, PI continued relying on depictions of CogniPower's 2012 prototype despite being on notice that this prototype was made prior to the priority date of each of the Patents-in-Suit:

| '486 Patent Claim | CogniPower 2019 APEC presentation "Simplifying Efficient Low Power AC/DC Converters" ("APEC Presentation") and associated prototype product based on Demand Pulse Regulation ("DPR Product") |
|---|---|
| |  |

PI's Infringement Contentions, Attachment B, p. 3

On December 9, 2020, CogniPower served its invalidity contentions, again explaining that PI accused a device that predated the priority of the Patents-in-Suit and therefore, to the extent it met the limitations of the Patents-in-Suit, it invalidated the Patents-in-Suit. Ex. 2 (CogniPower's "Invalidity Contentions").

suppress, or conceal it. The invention(s) embodied in Morong is also embodied in the Accused Instrumentality as explained in CogniPower's Answer and incorporated herein. D.I. 19. Both Mr. Morong and Mr. Lawson have personal knowledge of the conception and development of the invalidating invention embodied in Morong and in the Accused Instrumentality.

Invalidity Contentions, p. 3

Thereafter, PI did nothing to advance or prepare its case for trial. PI issued minimal discovery, took no depositions, nor did it submit any expert reports. On

6

February 17, 2021, after CogniPower served its Invalidity Contentions, PI did offer to dismiss its case; however, PI's proposal included an agreement that CogniPower never sell DPR power supplies, an agreement that CogniPower pay its own attorney's fees, and the dismissal would be without prejudice. Ex. 3. None of these conditions were acceptable to CogniPower given that, early in the case, it had notified PI that the Accused DPR Power Converters did not infringe and, in any event, in fact predated the filing of the Patents-in-Suit.

Months later, on September 8, 2021, PI provided an unconditional covenant not to sue CogniPower. *See* D.I. No. 41, Ex. B. Then, on January 12, 2022, PI filed a motion to dismiss its remaining claims for lack of subject matter jurisdiction based upon this unconditional covenant. *See* D.I. 39-41. On February 9, 2022, CogniPower notified the Court that it was not opposed to PI's Motion, and the Court dismissed PI's remaining claims and CogniPower's counterclaims the same day. D.I. 46 and 47.

## II.   <u>LAW</u>

### A.   **Motion for Attorney's Fees (Fed. R. Civ. P. 54(d))**

Rule 54(d) permits a party to file a motion for attorney's fees after entry of judgment. Rule 54 requires that such a motion:

(i)     be filed no later than 14 days after the entry of judgment;

(ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii)   state the amount sought or provide a fair estimate of it; and

7

> (iv)   disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

The term "judgment" as used in a Rule 54(d)(2) is broad and also covers other case-terminating events like unilateral and stipulated dismissals. *See, e.g.*, *Keith Mfg. Co. v. Butterfield*, 955 F.3d 936 (Fed. Cir. 2020) (holding that a stipulated dismissal with prejudice constituted judgment under attorney's fees rule); *Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.*, 494 F. Supp. 3d 263, 265 (D. Del. 2020) (awarding attorney's fees in case where plaintiff unilaterally dismissed the case).

Further, Rule 54(d)(2)(C) permits bifurcating briefing on the issue of liability for attorney's fees from briefing on the amount of the award. *See also Rothschild*, 494 F. Supp. 3d 263, 269 (D. Del. 2020) (granting fee motion and ordering additional briefing regarding the amount and reasonableness of fees); *Finnavations, LLC v. Payoneer, Inc.*, C.A. No. 18-444-RGA, 2019 U.S. Dist. LEXIS 45306, at *5 n.1 (D. Del. Mar. 18, 2019) (granting fee motion and directing the parties to "meet and confer regarding a schedule to resolve the amount").

### B.    Basis for Fees (35 U.S.C. § 285)

35 U.S.C. § 285 authorizes the Court to award reasonable attorney's fees to the prevailing party in exceptional cases. A "prevailing party," for purposes of § 285, is a party that "receive[s] at least some relief on the merits, which alters . . . the legal

relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004)).

An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Determining whether a case is an exceptional case is within a Court's discretion, and the Court must consider the totality of the circumstances in reaching its conclusion. *Id.* Circumstances the Court may consider include, among others, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. A party seeking attorney's fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557-58. The Court may award attorney's fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

The Federal Circuit has explained that the "purpose behind § 285 is to prevent a party from suffering a 'gross injustice'" and that "[t]he exercise of discretion in favor of awarding attorney's fees should be bottomed upon a finding of unfairness

or bad faith in the conduct of the losing party, or some other equitable consideration . . . which makes it grossly unjust that the winner . . . be left to bear the burden of his own counsel fees." *Checkpoint Sys., Inc. v. All–Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (alterations and quotations omitted). Courts in this District have recognized this purpose. *See, e.g.*, *Route1 Inc. v. AirWatch LLC*, No. 17-CV-331 (KAJ), 2020 WL 1955436, at *2 (D. Del. Apr. 23, 2020).

Circumstances under which Courts have found cases exceptional include cases where a plaintiff failed to consider or willfully ignored anticipatory prior art. For example, in *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, upon being sued for alleged patent infringement, counsel for defendant sent plaintiff an email alleging that the asserted patent covered patent-ineligible subject matter under 35 U.S.C. § 101 and were invalid in view of prior art under § 102. 858 F.3d 1383, 1385 (Fed. Cir. 2017). Defendant also filed a motion for judgment on the pleadings based on § 101. *Id.* at 1386. Shortly thereafter, plaintiff voluntarily moved to dismiss the action and defendant moved for attorney's fees under § 285. *Id.*

Defendant's motion for fees focused on: (1) plaintiff's willful ignorance of the prior art cited in defendant's letter and (2) the plaintiff's apparent lack of intent to test the merits of its claims. *Id.* The district court dismissed the action and denied defendant's motion for fees because: (1) the plaintiff voluntarily withdrew its

complaint; (2) the defendant neither filed a motion seeking to invalidate the patent under § 102 nor demonstrated that the plaintiff failed to conduct a reasonable pre-suit investigation of the prior art; and (3) it was not convinced that plaintiff did not intend to test the merits of its claims. *Id.* at 1387-88.

The Federal Circuit reversed, holding that the district court abused its discretion by denying defendant's motion for attorney's fees. *Id.* at 1390. Among other exceptional conduct, the Federal Circuit held that the district court should have considered evidence of the plaintiff's willful ignorance of the prior art identified by defendant. *Id.* at 1388-89. Ultimately, the Federal Circuit remanded the case back to the district court for additional proceedings, including proceedings regarding the calculation of attorney's fees. *Id.* at 1390.

## III.   ARGUMENT

CogniPower requests the Court find PI's litigation conduct in this case exceptional and hold PI liable to CogniPower for its attorney's fees as explained below.

### A.   The instant motion meets the requirements of Fed. R. Civ. P. 54(d)(2)(B).

CogniPower bases this motion for its attorney's fees on 35 U.S.C. § 285 and has properly filed this motion with 14 days of the Court's order dismissing PI's remaining claims and CogniPower's counterclaims (D.I. 47). Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii). CogniPower fairly estimates its fee request to be

approximately $80,000.00, but requests bifurcated briefing on the issues of the exact amount and reasonableness of any awarded attorney's fees. *See* Fed. R. Civ. P. 54(d)(2)(B)(iii); Fed. R. Civ. P. 54(d)(2)(C). CogniPower will disclose the terms of any agreement about fees for the services upon which it makes this request if requested by the Court. *See* Fed. R. Civ. P. 54(d)(2)(B)(iv).

**B.    The instant case is an exceptional case such that PI should be liable to CogniPower for attorney's fees under 35 U.S.C. § 285.**

**i.    CogniPower is the prevailing party.**

CogniPower is the prevailing party in this case. The Court dismissed all of PI's claims against CogniPower with prejudice. D.I. 47. Further, PI has unconditionally covenanted not to sue CogniPower for infringement of the Patents-in-Suit. *See* D.I. No. 41, Ex. B. As such, CogniPower has received relief on the merits that alters the legal relationship between itself and PI such that CogniPower is the prevailing party in this case for the purpose of 35 U.S.C. § 285. *See, e.g.*, *Inland Steel*, 364 F.3d at 1320.

**ii.    PI's willful ignorance of the fact that one of the Accused DPR Power Converters predated the filings of the Patents-in-Suit renders this case exceptional.**

PI continued prosecution of this case despite being notified early on that one of the Accused DPR Power Converters actually predated the filings of the Patents-in-Suit. Not only did PI fail to drop its case at that point, but rather it persisted in accusing that product of infringement despite the fact that such an accusation would

12

invalidate the Patents-in-Suit. *See Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier") (quoting *Peters v. Active Mfg.*, 21 F. 319 (W.D. Ohio 1884)). PI's continued persistence in maintaining its suit resulted in CogniPower expending significant time and resources to prepare invalidity contentions again outlining how the accused products themselves, which implement CogniPower's `152 Patent, actually predate and thus would invalidate the Patents-in-Suit. CogniPower further provided additional explanations of the prior art demonstrating the invalidity of the Patents-in-Suit. *See* Ex. 2.

None of this should surprise PI. Indeed, one of the photos PI relied on in its Complaint and in its infringement contentions is labeled as an "Early DPR Prototype" on the slide and the depicted printed circuit board itself says "Patent Pending." Complaint, ¶ 10 (depicting APEC Presentation, Slide 10). Further, PI itself was well-aware of CogniPower's `152 Patent at the time it filed this case given that this case was filed after and in response to CogniPower's lawsuit against a party whose product includes a PI product for infringement of patents that claim priority to the `152 Patent. *See CogniPower, LLC v. Fantasia Trading LLC, et al.*, Case No. 1:19-cv-02293-CFC, D.I. 1 (D. Del., Dec. 18, 2019). The fact that the depicted board was identified as a "Patent Pending" "Early DPR Prototype" should have at least given PI pause before making the allegations in its Complaint. And PI should

13

have certainly immediately dismissed its case upon receiving CogniPower's answer explaining that one of the depicted devices was made before the Patents-in-Suit were filed and that the other implements an embodiment of the `152 Patent, also filed before the Patents-in-Suit. Instead, PI maintained its suit, served infringement contentions, forced CogniPower to serve invalidity contentions, and only then offered a stipulation to dismiss its claims ***without prejudice*** that would have required CogniPower to pay its own fees and agree never to sell or offer to sell DPR Power Converters. PI's conduct in this regard renders the instant case exceptional, and CogniPower requests this Court find PI liable to CogniPower for its attorney's fees resulting from PI's unreasonable conduct. *See* Ex. 3.

### iii. PI's improper motivation for bringing this suit, and its apparent lack of interest in testing the merits of its claims, renders this case exceptional.

PI's transparently improper motivation for bringing and maintaining this lawsuit, and its apparent lack of interest in testing the merits of its claims, further support finding this case exceptional. PI brought its infringement claims as part of a larger complaint seeking declaratory judgment that PI and others that use certain PI products do not infringe certain of CogniPower's patents. Complaint, ¶¶ 54-76. The declaratory judgment action was admittedly brought in response to CogniPower's lawsuit against Anker, and the Court dismissed the declaratory judgment action counts with prejudice. Complaint, ¶¶ 55,63; D.I. 18. The apparent reason PI included

14

infringement claims as part of that Complaint was as a mechanism to prevent dismissal of its suit in its entirety at the pleadings stage in an attempt to maintain leverage over CogniPower. The fact PI took only minimal written discovery, allowed the fact discovery deadline to pass without even depositing a single witness, and allowed the expert discovery deadline to pass without serving any expert reports demonstrates that PI was never serious about testing the merits of its claims. PI's conduct in this regard further highlights its unreasonableness in bringing and maintaining this lawsuit, and CogniPower requests this Court find PI liable to CogniPower for its attorney's fees resulting from PI's unreasonable conduct.

### C.     Bifurcated briefing on the amount and reasonableness of CogniPower's requested attorney's fees will promote efficiency.

As discussed above, CogniPower requests that the Court bifurcate briefing on the reasonableness and amount of CogniPower's attorney's fees from briefing on PI's liability. Bifurcation under Rule 54(d)(2)(C) will allow CogniPower to tailor its evidentiary presentation to the Court's liability decision, thus streamlining the process and avoiding unnecessary expenditure of resources. Accordingly, this brief does not address the amount or reasonableness of CogniPower's attorney's fees. CogniPower is ready to provide further briefing regarding the amount and reasonableness of its fees once liability is established and it receives instruction from the Court.

59788/0001-42587136

## IV.    <u>CONCLUSION</u>

CogniPower requests that the Court find this case exceptional because PI brought this lawsuit with improper motivations, willfully ignored the fact that it accused a DPR Power Converter that predated the filings of the Patents-in-Suit, and never intended to test the merits of its claims. Because this case is an exceptional case, CogniPower requests that the Court find PI liable for CogniPower's attorney's fees pursuant to 35 U.S.C. § 285, and order additional briefing regarding the specific amount and reasonableness of those fees.

COLE SCHOTZ P.C.

**OF COUNSEL:**

Gary R. Sorden (*pro hac vice*)
Timothy J.H. Craddock (*pro hac vice*)
Niky R. Bagley (*pro hac vice*)
James R. Perkins (*pro hac vice*)
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587
gsorden@coleschotz.com
tcraddock@coleschotz.com
nbagely@coleschotz.com
jperkins@coleschotz.com

Dated:  <u>February 23, 2022</u>

<u>/s/ Andrew L. Cole</u>
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Telephone)
(302) 652-3117 (Facsimile)
acole@coleschotz.com

*Attorneys for Defendant,*
*CogniPower LLC*

16

59788/0001-42587136

## <u>CERTIFICATE OF COMPLIANCE WITH STANDING ORDERS</u>

The undersigned counsel hereby certifies that it has complied with this Court's November 6, 2019 Standing Order regarding Briefing in All Cases in that this document contains 2,967 words as calculated by Microsoft Word and that it is typed in Times New Roman 14-point font.

Dated: <u>February 23, 2022</u>

*/s/ Andrew L. Cole*
Andrew L. Cole (No. 5712)

17