# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC. <br><br> Plaintiff, <br><br> v. <br><br> COGNIPOWER, LLC <br><br> Defendant. | C.A. No. 20-cv-15-CFC |

**POWER INTEGRATIONS' BRIEF IN OPPOSITION TO COGNIPOWER'S MOTION FOR ATTORNEYS' FEES**

Douglas E. McCann  (No. 3852)
Warren K. Mabey, Jr. (No. 5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Email:  dmccann@fr.com;
mabey@fr.com

*Attorneys for Power Integrations, Inc.*

Dated:  March 9, 2022

# **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II. NATURE AND STAGE OF PROCEEDINGS ................................................ 2

III. STATEMENT OF FACTS .............................................................................. 3

    A. PI's Infringement Claims ...................................................................... 3

    B. CogniPower's Invalidity Contentions ................................................... 6

    C. PI's Declaratory Judgment Claims ....................................................... 7

IV. LEGAL STANDARD ..................................................................................... 8

V. ARGUMENT ................................................................................................... 8

    A. PI's Infringement Claims Do Not Make this Case Exceptional ............ 8

    B. CogniPower's Invalidity Contentions Do Not Make this Case
       Exceptional ............................................................................................. 9

    C. PI's Declaratory Judgment Claims Do Not Make this Case
       Exceptional ............................................................................................. 9

    D. The Way PI Litigated This Case Does Not Make It Exceptional ......... 10

VI. CONCLUSION .............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Matsushita Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.*,
    Case No. 96-101-SLR, 1997 WL 811563 (D. Del. Dec. 23, 1997) ...............8, 11

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)..................................................................................................8

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
    858 F.3d 1383 (Fed. Cir. 2017) ...........................................................................11

**Other Authorities**

Fed. R. Civ. P. 11 .................................................................................................11

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

CogniPower's request for fees is not justified, needlessly prolongs this litigation, and is not a good use of the Court's time. CogniPower's motion relies on a known typo in PI's proposed order dismissing the case. The proposed order (signed by the Court) says "with prejudice," but PI's motion made clear dismissal should have been <u>without</u> prejudice because lack of subject matter jurisdiction is not a decision on the merits. CogniPower noticed this discrepancy and was informed by PI that it was a typo before CogniPower filed its response to PI's motion to dismiss. PI expected CogniPower to note the issue in its opposition to PI's motion to dismiss, but when CogniPower instead filed a simple non-opposition to PI's motion, PI did not burden the Court with another filing requesting to correct the record because it did not matter given CogniPower's stated intent not to infringe. However, CogniPower now seeks to exploit this error in seeking fees.

Moreover, PI had good cause to file this case based on public documents (identified in its Complaint) suggesting CogniPower infringed PI's patents. However, once CogniPower demonstrated it had no concrete plans to sell these infringing products, PI reasonably agreed to dismiss the case and provided a covenant not to sue, eliminating subject matter jurisdiction. Such behavior should be encouraged, not punished.

CogniPower asserts PI dropped the case because of CogniPower's invalidity contentions, yet those contentions are unproven, disputed, and wrong. CogniPower would have the Court decide the issue based on its *pleadings*, even though PI's own contentions demonstrate PI invented the patented technology well before the earliest date of CogniPower's alleged "prior art." Regardless, it is not reasonable to ask the Court to resolve disputed validity issues in a dismissed case.

In short, CogniPower's motion for fees is entirely baseless and should be denied.

## II.   NATURE AND STAGE OF PROCEEDINGS

Power Integrations, Inc. ("PI") filed its complaint in this case on January 6, 2020 (D.I. 1). On July 1, 2020, the Court granted CogniPower's motion to dismiss PI's declaratory judgment claims relating to CogniPower's patents (D.I. 18). That left only PI's assertion of its own patents against CogniPower (U.S. Patents 9,374,011 and 9,166,486). CogniPower subsequently answered and asserted counterclaims of noninfringement and invalidity. (D.I. 19.) The Court entered a scheduling order (D.I. 31) setting a dispositive motion deadline of January 12, 2022 and a trial date of June 13, 2022. The parties subsequently agreed that a claim construction hearing was unnecessary. (*See* 4/9/2021 Notice of Electronic Filing in response to D.I. 38.)

The parallel case in which CogniPower asserts its own patents is presently stayed pending IPRs. (*See* Case Civ. No. 19-2293-CFC, D.I. 85.) PI was permitted to intervene in that case (re-asserting its declaratory judgment claims) after PI developed additional evidence showing an actual dispute between the parties (notably including CogniPower's communications with PI's customers). (*See* Case Civ. No. 19-2293-CFC, D.I. 50.)

On June 22, 2021, the parties participated in a mediation regarding both of their cases in this District (this case and 19-2293-CFC), in front of M.J. Hall.

On February 9, 2022, the Court granted PI's unopposed motion to dismiss the present case. (D.I. 47.)

### III. STATEMENT OF FACTS

#### A. PI's Infringement Claims

PI's Complaint details its reasonable and good faith basis for alleging that CogniPower infringed PI's patents. Notably, CogniPower demonstrated an infringing product at the APEC trade show in 2019:



(*E.g.*, D.I. 1 at ¶¶ 9-12, 34-39.)

CogniPower's main defense was that it never sold and had no intention of selling the infringing product it demonstrated at APEC. And once PI was permitted to intervene in the parallel customer suit in February 2021, it became clear that the parties' major disputes were presented in the other case, including the question of the priority of PI's invention (since PI's prior invention was a key invalidity issue in the parties' other case). As such, CogniPower's counsel suggested to PI's counsel that PI might dismiss this lawsuit and allow the parties to focus their efforts on the other case and the co-pending IPRs challenging CogniPower's asserted patents. (Headley Decl. ¶ 2.) PI agreed that dismissal of this case made sense and sent CogniPower a proposed form of dismissal more than a year ago, as CogniPower's own brief admits. (*See* D.I. 50 (opening brief) at 7.)

4

Since CogniPower prevaricated as to dismissal for a period of several months, PI continued the case with minimal expense to both sides and minimal burden on the Court: the parties agreed claim construction was not necessary, and neither party took depositions or submitted expert reports in this case, as the parties' efforts were more properly focused on their other lawsuit and their ongoing discussions regarding dismissing this case.

By the time fact discovery closed in this case,[1] with no evidence of CogniPower changing its course as to its lack of activity regarding the device CogniPower demonstrated at APEC in 2019, PI was satisfied that CogniPower had no intent to sell its infringing product and offered a covenant not to sue in September 2021.  (*See* opening brief at 7; Headley Decl. ¶ 3.)  CogniPower did not agree, but also did not make a counter-proposal or provide any legal authority for maintaining the lawsuit, despite several requests. (Headley Decl. ¶ 3.)  PI therefore moved to dismiss on the dispositive motion deadline (*see* D.I. 40), and CogniPower ultimately conceded there was no basis to oppose dismissal, filing a notice of non-opposition on February 9, 2022.  (D.I. 46.)

PI's brief in support of its motion to dismiss made clear (and cited cases confirming) that its covenant eliminated subject matter jurisdiction, that dismissal

---

[1] CogniPower complains about discovery in its motion, but CogniPower never moved to compel and did not raise any such complaints with the Court during the course of the case.

for lack of subject matter jurisdiction is not a decision on the merits, and that such dismissal should be <u>without</u> prejudice. (D.I. 40 at 3, 5.) CogniPower noticed that PI's proposed order said "with prejudice," and PI counsel responded to confirm that was a typo in the proposed order (but not the briefing). (*See* Ex. A (Jan. 31, 2022 email string).) Thereafter, CogniPower filed a statement of non-opposition (D.I. 46), and the Court signed PI's proposed order (D.I. 47).

    **B.**    **CogniPower's Invalidity Contentions**

Before dismissal, CogniPower *alleged* PI's patents were invalid over CogniPower's own prior art. (*E.g.*, opening brief at 3 citing CogniPower's Answer.) However, CogniPower never proved invalidity: it neither submitted an expert report nor filed a motion for summary judgment. And PI vigorously contests the assertion that CogniPower's accused prototype was prior art at all. For example, PI (and its customer Anker) explained that PI's patented technology was actually invented substantially earlier than the filing date of CogniPower's '152 patent, and earlier than the alleged date of CogniPower's "2012 prototype"[2]:

> Specifically, PI inventors conceived of an invalidating integrated circuit product no later than June 10, 2011, more than one year before both [CogniPower] asserted patents' earliest effective US filing date, and PI further made the alleged invention of the asserted claims and did not abandon, suppress or conceal it. PI's inventors,

---

[2] Further, CogniPower never provided any documentary evidence in this case attempting to show that its prototype actually existed in 2012, let alone was publically known or used on any particular date prior to the 2019 APEC trade show.

6

> Balu Balakrishnan, Mike Matthews, Alex Djenguerian, and Sheng Liu have personal knowledge about the conception and development of PI's invalidating invention. Exemplary documents evidencing PI's prior invalidating invention have been produced with production numbers PIC00000069-PIC00000092, PIC00000110-PIC00000137, PIC00000284-PIC00000307, PIC00000366-PIC00000408, PIC00000452-PIC00000470, PIC00000536-PIC00000560, and PIC00000561-PIC00001738.

(Ex. B, 2020-10-15 Invalidity Contentions, Case Civ. No. 19-2293-CFC, at 8.) While the issue of whether PI's invention predates CogniPower's prototype or the earliest effective filing date of CogniPower's patents was never decided in the present case, it remains actively contested in the parallel case where CogniPower has sued PI's customer and PI has intervened.

### C. PI's Declaratory Judgment Claims

PI's Complaint also included declaratory judgment claims relating to CogniPower's assertion of its patents against PI's customers. The Court dismissed PI's declaratory judgment claims because PI had not yet established an actual controversy. (D.I. 17.) However, PI developed additional evidence regarding CogniPower's statements to PI's customers, and the Court permitted PI to file substantially the same counterclaims as an intervenor in the related customer case. (*See* Case Civ. No. 19-2293-CFC, D.I. 50.)

## IV. LEGAL STANDARD

As CogniPower admits (opening brief at 9), fees should be awarded only in "exceptional cases." An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Where a patentee offers a covenant not to sue and the court dismisses the case for lack of subject matter jurisdiction, this District found a fee award inappropriate. *Matsushita Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.*, Case No. 96-101-SLR, 1997 WL 811563, at *7-8 (D. Del. Dec. 23, 1997).

## V. ARGUMENT

### A. PI's Infringement Claims Do Not Make this Case Exceptional

As detailed above, PI's Complaint details why the product CogniPower demonstrated at a trade show in 2019 infringes. (*E.g.*, D.I. 1 at ¶¶ 9-12, 34-39.) While CogniPower disputed infringement, CogniPower makes no effort to demonstrate PI's infringement contentions are unreasonable. The only issue was whether CogniPower intended to sell this product. PI was not required to accept CogniPower's bare denial. PI responded reasonably once it was satisfied that CogniPower had no intention to sell the infringing product.

8

### B. CogniPower's Invalidity Contentions Do Not Make this Case Exceptional

CogniPower asserts that PI granted a covenant out of fear of CogniPower's invalidity contentions. Not so. As detailed above, CogniPower's assertion that its prototype or patent filing predates PI's invention is very much contested, and will likely be decided in the parallel case if CogniPower's asserted patents survive IPR. (*See* Ex. B, 2020-10-15 Invalidity Contentions, Case Civ. No. 19-2293-CFC, at 8.) However, in the present case, the issue was never decided. CogniPower never submitted an invalidity expert report, much less sought a decision on the merits.

Moreover, it should be noted that the Court dismissed both PI's claims and CogniPower's *counterclaims* with prejudice. (*See* D.I. 47.) While this was a typo, as detailed above, the language of the dismissal that CogniPower relies on means that CogniPower actually *lost* its counterclaim of invalidity.

The Court should not rely on that typo (and should reject CogniPower's reliance on it), but the bottom line is that CogniPower did not prevail on invalidity.

### C. PI's Declaratory Judgment Claims Do Not Make this Case Exceptional

The Court did dismiss PI's declaratory judgment claims for lack of actual controversy, but it later permitted PI to file substantially the same declaratory judgment claims and intervene in the parties' related case after PI developed more evidence. (*See* Case Civ. No. 19-2293-CFC, D.I. 50.) Thus, CogniPower did not

9

prevail on this issue either, and there is nothing exceptional about PI's declaratory judgment claims.

### D. The Way PI Litigated This Case Does Not Make It Exceptional

PI's light touch approach to this case was eminently reasonable. It did not burden CogniPower or the Court with disputed claim construction or extensive discovery. Instead, the parties largely focused their efforts on the other case pending in this district, with its overlapping issues (including PI's prior invention of the technology), and PI was ultimately able to satisfy itself that CogniPower had no plans to sell its infringing products, since CogniPower disclaimed any sales of the accused products and never updated its mandatory discovery disclosures with any information to the contrary. (Opening brief at 5; Headley Decl. ¶ 3.)

It should also be understood that CogniPower could have accepted PI's offers to end this case much earlier, which CogniPower itself first proposed, as detailed above. (*See* Headley Decl. ¶¶ 2-3; *see also* opening brief at 7.) In fact, CogniPower ultimately accepted the covenant that PI provided. (*See* D.I. 40; D.I. 46.) CogniPower has no one to blame but itself for that delay.

This District has also recognized that dismissing a case for lack of subject matter jurisdiction after a covenant not to sue does not warrant an award of fees:

> Because dismissal is premised on an absence of subject matter jurisdiction, there can be no preclusive findings or conclusions on the merits. *See, e.g.*, *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed.Cir.1996). Accordingly, dismissal is without

10

> prejudice. . . . MBI has failed to establish that this case presents exceptional circumstances which warrant the award of attorneys' fees. The court is not persuaded that ECD/Ovonic acted recklessly and negligently in asserting the '822 patent, or that ECD/Ovonic's actions were taken without factual or legal foundation. Nonetheless, even if the court were to determine that this case could be characterized as exceptional, the court finds that the equities do not weigh in favor of an award of attorneys' fees.

*Matsushita,* 1997 WL 811563, at *7-8 (also cited in PI's motion to dismiss).

The case CogniPower cites, *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, is not to the contrary. 858 F.3d 1383 (Fed. Cir. 2017). *Rothschild* did not involve a covenant not to sue or a situation where the defendant did not plan to sell its infringing product. Instead, it involved dismissal of a case under the safe harbor provision of Rule 11 after the defendant submitted evidence of invalidity under both Sections 101 and 102. *Id.* at 1386. *Rothschild* also involved "willful ignorance of the prior art," *id.* at 1388, and a plaintiff who filed 58 cases that it settled for less than the cost of litigation, *id.* at 1389.

None of these facts resemble the present case. PI was aware of CogniPower's invalidity contentions, but vigorously disagrees with them because, at the very least, PI's invention of the patents-in-suit predates any of CogniPower's alleged prior art. PI also did not dismiss under threat of Rule 11 sanctions, and it has not sought nuisance settlements. Instead, PI filed a well-grounded infringement claim and only granted a covenant not to sue after it was satisfied that CogniPower did not plan to sell its infringing products. PI also litigated the case

11

with appropriate restraint, and gave CogniPower multiple opportunities to end the case.  In short, the totality of the circumstances do not support a finding that either PI's claims or its litigation conduct was exceptional.

## VI. CONCLUSION

For the foregoing reasons, the Court should deny CogniPower's motion for fees.

Dated:  March 9, 2022      FISH & RICHARDSON P.C.

By:  /s/ *Warren K. Mabey, Jr.*
Douglas E. McCann  (No. 3852)
Warren K. Mabey, Jr. (No. 5775)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Email:  dmccann@fr.com;
mabey@fr.com

Frank E. Scherkenbach
One Marina Park Drive
Boston, MA  02210-1878
Telephone: (617) 542-5070
Email: scherkenbach@fr.com

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Email: pollack@fr.com;
headley@fr.com

Attorneys for Plaintiff
Power Integrations, Inc.

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the Brief in Support of Defendants' Motion to Stay contains 2,442 words (exclusive of the title, caption, tables, and signature block) in Times New Roman 14-point font.

Dated:  March 9, 2022                    */s/ Warren K. Mabey, Jr.*
                                                                  Warren K. Mabey, Jr.