# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>COGNIPOWER, LLC<br><br>Defendant. | C.A. No. 20-cv-15-CFC |

## DECLARATION OF MICHAEL R. HEADLEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO COGNIPOWER'S MOTION FOR ATTORNEYS' FEES

I, Michael R. Headley, declare as follows:

1.  I am a principal at Fish & Richardson P.C., counsel of record in this action for Power Integrations, Inc. ("PI"). I am a member of the Bar of the State of California and am admitted to this Court *pro hac vice*. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.  In February 2021, PI was permitted to intervene in CogniPower's case against Anker in this District, 19-cv-2293-CFC. At that time, it became clear to everyone involved that the parties' major disputes were presented in that other case, including the question of the priority of PI's invention, given that PI's prior invention was a key invalidity issue in the parties' other case. As such,

1

CogniPower's lead counsel Gary Sorden suggested to me that PI might dismiss this lawsuit and allow the parties to focus their efforts on the other case and the co-pending IPRs challenging CogniPower's asserted patents.  PI agreed with CogniPower's suggestion that dismissal made sense at that point, and I promptly sent a draft dismissal to CogniPower's counsel on February 17, 2021.  (*See* D.I. 50-3.)  In my e-mail to CogniPower's lead counsel, I confirmed that I was sending the draft dismissal "per our discussion." (*Id.*)  In response, CogniPower prevaricated as to dismissal for several months—despite my repeated inquiries as to the status—and CogniPower ultimately indicated it would not agree to a dismissal of this case on the morning of June 22, 2021, just before the parties mediated both of their lawsuits in front of Magistrate Judge Hall.

3. By the time we got to the close of fact discovery in this case a few months later, there was still no evidence of CogniPower changing its course with respect to its lack of activity regarding the device CogniPower demonstrated at APEC in 2019.  CogniPower disclaimed any sales of the accused products and never updated its mandatory discovery disclosures with any information to the contrary (e.g. sales data).  As such, PI was satisfied that CogniPower had no intent to sell its infringing product and offered a covenant not to sue in September 2021.  CogniPower did not ultimately agree to dismiss the case at that time, instead waiting until February 9, 2022, to file a statement of non-opposition after PI was

forced to brief the issue.  (D.I. 39-41; D.I. 46.)  In the interim, CogniPower did not make a counter-proposal or provide any legal authority for maintaining the lawsuit, despite several requests.

4. Attached hereto as **Exhibit A** is a true and correct copy of my e-mail of January 31, 2022, to CogniPower's lead counsel, Gary Sorden, confirming the typo in PI's proposed order suggesting the case be dismissed "with prejudice," given the underlying briefing and case law noting that dismissal should be <u>without</u> prejudice.

5. Attached hereto as **Exhibit B** is a true and correct copy of the invalidity contentions served in CogniPower's parallel case against Anker/Fantasia and PI, 19-cv-2293-CFC, dated October 15, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of March, 2022, at Redwood City, California.

*/s/ Michael R. Headley*
Michael R. Headley
