# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation | : : : |
| Plaintiff, | : Case No.: 20-cv-00015-CFC : |
| v. | : : |
| COGNIPOWER LLC, | : JURY TRIAL REQUESTED : : |
| Defendant. | : : |

## DEFENDANT COGNIPOWER, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES
## PURSUANT TO FED. R. CIV. P. 52(d)(2) AND 35 U.S.C. § 285

**OF COUNSEL:**

Gary R. Sorden (*pro hac vice*)
Timothy J.H. Craddock (*pro hac vice*)
Niky R. Bagley (*pro hac vice*)
James R. Perkins (*pro hac vice*)
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587
gsorden@coleschotz.com
tcraddock@coleschotz.com
nbagely@coleschotz.com
jperkins@coleschotz.com

**COLE SCHOTZ P.C.**
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
(302) 652-3131 (Telephone)
(302) 652-3117 (Facsimile)
acole@coleschotz.com

*Attorneys for Defendant, CogniPower LLC*

Dated: <u>March 16, 2022</u>

59788/0001-42725763

i

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..........................................................................................................1

CONCLUSION .............................................................................................................9

59788/0001-42725763

ii

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*,
   No. 96-101-SLR, 1997 WL 811563 (D. Del. Dec. 23, 1997) ..........................6, 7

*Prism Techs. LLC v. VeriSign, Inc.*,
   579 F. Supp. 2d 625 (D. Del. 2008)..................................................................8

## INTRODUCTION

CogniPower is entitled to its attorney's fees for the period between the Answer provided by CogniPower and the time that Power Integrations ("PI") offered the unconditional covenant not to sue. In the introduction of its response, PI argues that, because the Court made a "typo," CogniPower "seeks to exploit this error in seeking fees." D.I. at 1. However, whether the case was dismissed without prejudice or with prejudice is not dispositive of whether the Court can or shall award fees. The Court has jurisdiction in either circumstance (with or without prejudice) to award attorney's fees and should do so here. In sum, PI never identified an infringing product that was sold or offered for sale by CogniPower. The key here is that PI alleged that CogniPower had DPR-related products that infringe PI's patents, but CogniPower's website does not list any DPR-related products. *See* https://www.cognipower.com/#. CogniPower does list certain products such as an "Audio Power Amplifier" but that and, other products listed on CogniPower's website, are not the accused products. Below is a screenshot of CogniPower's website on or about September 11, 2019 (several months before this lawsuit was filed in January 2020):

59788/0001-42725763



https://www.cognipower.com/#.

Before filing suit, PI never identified a product that would meet the claims of the asserted patents. However, CogniPower is not seeking fees for any time before the filing of its Answer. Whether or not PI knew or should have known before filing its Complaint that CogniPower had no infringing products, that fact was made abundantly clear when CogniPower filed its Answer. In fact, not only did CogniPower inform PI it had never sold any DPR-related products, CogniPower also informed PI that its infringement allegations were based on a picture of a proof-of-concept board that was made before the asserted patents were filed. D.I. 50 at pp. 4-5. CogniPower's Answer makes clear that no infringing products were ever sold by CogniPower. PI tells this Court that "…once CogniPower demonstrated it had no concrete plans to sell these infringing products, PI reasonably agreed to dismiss the case and provided a covenant not to sue…" D.I. 51 at 1. PI omits the fact that it never identified a single infringing product that was ever sold pre-suit [or post-suit] and that it filed its motion to dismiss this case 25 months after the case was

2

filed.  PI never took any discovery during the entire case yet instead forced a small company to continue the burden and expense of defending a case through invalidity contentions, etc. for years knowing there was no liability.  Such actions by PI are exceptional and the limited fees sought by CogniPower should be granted by the Court.

Regarding PI's infringement allegations, its Complaint pointed to a proof-of-concept board in a PowerPoint presentation by CogniPower.  D.I. 1 at ¶¶ 9-12, 34-39.  PI represents to this Court that CogniPower demonstrated "the infringing product… at APEC."  D.I. 51 at 4.  That is not true; there was never a physical demonstration of any product at APEC that involved technology related to the accused products in this matter.  It was a PowerPoint presentation.  *See* Exhibit A. Again, before suit was filed, PI never had in its possession an infringing product from CogniPower.  Yet, as described in the present Motion, CogniPower specifically told PI in its Answer how even the pictured proof-of-concept board did not infringe the two asserted patents.  D.I. 50 at pp. 2-5.  CogniPower also informed PI that its intellectual property was available for license but that CogniPower has never sold, or offered for sale, the proof-of-concept boards cited in the PI Complaint, and that no CogniPower products of any sort practices any claims of the asserted patents.  *Id.* CogniPower also informed PI, via its Answer, that one of the two pictures from the CogniPower presentation was taken before either of the two asserted patents were

filed. *Id.* Given the facts provided by CogniPower in its Answer, PI did nothing to stop the unnecessary spending in this case for two years. PI admits, and CogniPower would agree, that "PI was not required to accept CogniPower's" denials in its Answer. Nevertheless, PI did nothing in this case to test those denials for two years. This is a case that stands out from others in that PI should have done something to address the facts provided by CogniPower in its Answer. Doing nothing for two years is exceptional.

Next, PI argues that its position in another case should be considered here, but provides no support for looking at another case to defend why it waited two years to dismiss this frivolous suit:

> And once PI was permitted to intervene in the parallel customer suit in February 2021, it became clear that the parties' major disputes were presented in the other case, including the question of the priority of PI's invention (**since PI's prior invention was a key invalidity issue in the parties' other case**).D.I. 51 at 4 (emphasis added).

This argument is a red herring. While PI alleges its prior art arguments in another case are relevant, they have no bearing here. To put a pin in this argument, PI and its customer Anker were real parties in interest that filed seven (7) post-grant challenges with the PTAB against CogniPower's two asserted patents. None of these post-grant challenges included PI's alleged prior art product or any of PI's patents despite having the ability to do so via a post-grant challenge authorized by

4

statute: 35 U.S.C. §321.  PI's alleged prior art has zero bearing on CogniPower's fee motion.

Next, PI argues that CogniPower should have spent more money on this litigation by 1) filing a motion to compel; D.I. 51 at 5, fn. 1; 2) complaining to the Court of such exceptional issues in this case; *Id.*; 3) submitting an expert report on invalidity; *Id.* at 6; and/or 4) filing a summary judgment of invalidity.  *Id.*  This argument defies logic.  If you are accused of infringement and the infringed products do not exist, and you tell plaintiff these facts, a defendant should not have to spend more money defending such a case in order to be entitled to attorney's fees.  PI knew when CogniPower answered that, even if the proof-of-concept board shown in the APEC presentation were an actual product, there were multiple reasons it would not infringe the asserted patents.  D.I. 50 at pp. 2-5.  To be clear, PI never sought discovery on its infringement theory, never attempted to construe any terms in the asserted patents, never filed an expert report based upon its infringement theories, and never provided a damages report.  This is because CogniPower never sold an infringing product pre-suit.  Nevertheless, after CogniPower's Answer informed PI that it has never had a product that infringed the asserted patents, PI, a publicly-traded company, let the very small CogniPower company defend a frivolous lawsuit for two years.  And while the proximate value of CogniPower's fee request is small in terms of patent cases ~$80,000.00, PI argues CogniPower, its attorneys, and the

5

Court should have spent much more time arguing other defenses in order to be entitled to fees. Such action would have been a significant waste of time for CogniPower, its attorneys, and most importantly the Court.

PI alleges CogniPower could have accepted its offer to end the case much sooner. D.I 50 at 10, *see also* Exhibit 3. However, the offer shown in Exhibit 3 to CogniPower's motion for attorney's fees (D.I. 50 at Exhibit 3) shows that PI asked CogniPower to (i) agree that both sides should pay for their own attorney's fees despite the exceptional nature of the case, (ii) promise never to sell accused products, and (iii) dismiss this case without prejudice. CogniPower never accepted PI's offer because it was an attempt by PI to avoid this attorney's fee motion.

Further, PI alleges that the *Matsushita* case stands for the proposition that providing a covenant not to sue absolves a plaintiff from any attorney's fee findings levied against it by the Court. D.I. 51 at 10-11. The *Matsushita* case involved a motion to dismiss due to an unconditional covenant not to sue **provided pre-suit** to a defendant, which was granted, and a subsequent motion for attorney's fees and costs. *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, No. 96-101-SLR, 1997 WL 811563, at *3 (D. Del. Dec. 23, 1997). In contrast, this case involves two years of litigation where the fee request does not involve any attorney's fees after PI offered the unconditional covenant not to sue on the asserted patents. While PI avers that *Matsushita* stands for the proposition that simply providing a

59788/0001-42725763

covenant not to sue a defendant absolves any ability for the Court to evaluate conduct before such covenant not to sue was offered, the *Matsushita* case squarely rejected that proposition:

> Dismissal of MBI's declaratory judgment action and Ovonic's counterclaim does not eliminate this court's jurisdiction to preside over a motion for attorneys' fees and costs. *See* 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court ... for want of jurisdiction, such a court may order the payment of just costs."); *United States v. Ford,* 650 F.2d 1141, 1143–44 (9th Cir.1981) ("[T]he question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction."). Accordingly, the court has jurisdiction to determine the parties' motions for attorneys' fees and costs pursuant to 35 U.S.C. § 285, Fed.R.Civ.P. 54(d), D.Del. LR 54., and 28 U.S.C. § 1927. (D.I.230, 243).

*Matsushita*, 1997 WL 811563, at *7.

After CogniPower's Answer was filed informing PI that it did not sell any products, that it only offered licenses to its intellectual property, that even if the picture of the proof-of-concept board in the APEC presentation were an actual product, the product did not infringe the asserted patents for multiple reasons, and that one of the two pictures identified by PI in its Complaint and infringement contentions as a picture of an infringing proof-of-concept board was created before the asserted patents were filed, PI chose to keep this case going for two years and not once did PI seek any discovery to attempt to controvert the undisputed facts in CogniPower's Answer.  PI even argues that, despite never selling any accused products, CogniPower should have spent more money and time fighting this case

7

before being entitled to attorney's fees. Large companies must be governed by the same rules as other companies in this Court. If a company files a case that stands out from others, the case is exceptional, especially where the Answer put the plaintiff in this case specifically on notice of the significant issues discussed above. As it stands, PI failed to acquire an infringing product before or after this case was filed, accused a prior art picture, was put on notice via CogniPower's Answer that the proof-of-concept board in the picture did not infringe in multiple ways, still pointed to the same prior art picture in its infringement contentions, never submitted an infringement expert report, never sought damages via an expert report or otherwise, yet left CogniPower in this case for years before finally agreeing to provide a covenant not to sue on the asserted patents that was unconditional and not tied to having CogniPower agree to pay for its own attorney's fees. At best, PI frames its response as "[w]e knew they did not infringe but we wanted to make sure they did not start to infringe" for two years. Such action calls into question the Rule 11 basis for PI given that the Federal Circuit has stated Rule 11 requires analysis of product (not a photo in a presentation). *Prism Techs. LLC v. VeriSign, Inc.*, 579 F. Supp. 2d 625, 628 (D. Del. 2008) ("In patent infringement actions, Rule 11 has been interpreted to require, 'at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before

8

filing a claim alleging infringement,'" citing *Q–Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295, 1300–01 (Fed.Cir.2004).

This case is exceptional and CogniPower's request for attorney's fees during the period after its Answer but before the unconditional covenant not to sue was offered to CogniPower is a just and limited remedy.

## CONCLUSION

CogniPower respectfully requests that this Court find this case exceptional and, upon such finding, allow CogniPower to submit and brief its reasonable attorney's fees pursuant to Rule 54(d)(2)(C) within a time set by the Court. A ruling not requiring PI to pay for CogniPower's attorney's fees will only encourage parties to point to this case and file cases in the future that increase the workload for the Court, attorneys, and other parties for years without any recourse for such action despite knowing a defendant has no liability for infringement.

59788/0001-42725763

| | |
|---|---|
| | **COLE SCHOTZ P.C.** |
| **OF COUNSEL:** | /s/ *Andrew L. Cole* |
| | Andrew L. Cole (No. 5712) |
| Gary R. Sorden (*pro hac vice*) | 500 Delaware Avenue, Suite 1410 |
| Timothy J.H. Craddock (*pro hac vice*) | Wilmington, DE 19801 |
| Niky R. Bagley (*pro hac vice*) | (302) 652-3131 (Telephone) |
| James R. Perkins (*pro hac vice*) | (302) 652-3117 (Facsimile) |
| COLE SCHOTZ, P.C. | acole@coleschotz.com |
| 901 Main Street, Suite 4120 | |
| Dallas, Texas 75202 | *Attorneys for Defendant,* |
| Tel: (469) 557-9390 | *CogniPower LLC* |
| Fax: (469) 533-1587 | |
| gsorden@coleschotz.com | |
| tcraddock@coleschotz.com | |
| nbagely@coleschotz.com | |
| jperkins@coleschotz.com | |

Dated:  March 16, 2022

59788/0001-42725763

## **CERTIFICATE OF COMPLIANCE WITH STANDING ORDERS**

The undersigned counsel hereby certifies that it has complied with this Court's November 6, 2019 Standing Order regarding Briefing in All Cases in that this document contains 2125 words as calculated by Microsoft Word and that it is typed in Times New Roman 14-point font.

Dated: March 16, 2022　　　　　　　　　　　*/s/ Andrew L. Cole*
　　　　　　　　　　　　　　　　　　　　　　Andrew L. Cole (No. 5712)